■ DAYTON TOWERS CORPORATION, Appellant, v LEON D. DEMATTEIS & SONS, INC., Respondent, et al., Defendant. [622 NYS2d 278] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 22, 1993, which dismissed the complaint upon a jury verdict for the defendant DeMatteis, unanimously reversed, on the law, the judgment vacated, judgment granted to the plaintiff as to defendant's liability for improper terrace construction, and such matter remanded for a trial on the issue of damages only, and as to plaintiff's flashings claim, such matter remanded for a new trial on both liability and damages, with costs.

Plaintiff's numerous expressions of dissatisfaction with the court's charge as to the terraces and flashings were sufficient to preserve both claims of error for our review (CPLR 4017). The court's charge on liability with respect to reinforcement bars on the terraces erroneously instructed the jury that a finding of liability predicated upon use of less than 1½ inches of concrete was permissive, rather than mandatory. The contract governing this dispute required the contractor-defendant to construct the building in compliance with the New York City Building Code, which required at least 1½ inches of concrete on reinforcement bars. Because the defendant conceded at trial that the concrete used here was less than 1½ inches, a proper instruction would have required a finding of breach of contract on this claim.

The court's charge on liability based upon the use of aluminum rather than copper on the roof flashings was also improper. While the court correctly instructed that plaintiff had the burden of proving the terms of the contract, it improperly placed the burden upon the plaintiff to prove further that under a valid contract, the substitution of aluminum for copper had not been authorized. A proper instruction would

have directed that under a properly proved contract, the burden rests with the defendant to prove that a substitution of materials was authorized.

The parties' additional claims have been considered and rejected. Concur—Murphy, P. J., Rosenberger, Williams and Tom, JJ.